IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 7:22-cr-00780-DCC |
| | ) 18 U.S.C. § 2 |
| | ) 21 U.S.C. § 802 |
| | ) 21 U.S.C. § 841(a)(1) |
| | ) 21 U.S.C. § 841(b)(1)(A) |
| v. | ) 21 U.S.C. § 841(b)(1)(B) |
| | ) 21 U.S.C. § 846 |
| | ) 21 U.S.C. § 851 |
| | ) 21 U.S.C. § 853 |
| | ) 21 U.S.C. § 881 |
| CALVIN LADELL HUDGENS, | ) 28 U.S.C. § 2461(c) |
| a/k/a "Hood" | ) |
| STEPHEN DAN SANTIS | ) **SUPERSEDING INDICTMENT** |

COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around March 2020, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, the Defendants, **CALVIN LADELL HUDGENS, a/k/a "Hood,"** and **STEPHEN DAN SANTIS**, knowingly and intentionally did combine, conspire, confederate and agree and have a tacit understanding with others, both known and unknown to the grand jury, to unlawfully possess with intent to distribute and distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

    a)    With respect to **CALVIN LADELL HUDGENS, a/k/a "Hood,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

 b) With respect to **STEPHEN DAN SANTIS**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about March 31, 2022, in the District of South Carolina, the Defendants, **CALVIN LADELL HUDGENS, a/k/a "Hood,"** and **STEPHEN DAN SANTIS**, as principals, as aiders and abettors, and co-participants in a jointly undertaken criminal activity with others, both known and unknown to the grand jury, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## SENTENCING ENHANCEMENT PROVISIONS

THE GRAND JURY FURTHER CHARGES:

The Defendant, **CALVIN LADELL HUDGENS, a/k/a "Hood,"** prior to committing the violations contained in the Superseding Indictment, had the following conviction for a serious drug felony, pursuant to Title 21, United States Code, Section 802(57), that had become final for purposes of Title 21, United States Code, Section 841:

a. September 3, 2009: a conviction for a serious drug felony in Laurens County, South Carolina, under General Sessions Indictment Number: 2008GS3000368, for which the Defendant served more than 12 months in prison and for which the Defendant was released within 15 years of the commencement of the offenses charged in Counts 1 and 2 of this Superseding Indictment.

All in violation of Title 21, United States Code, Sections 802, 841(a)(1), and 851.

THE GRAND JURY FURTHER CHARGES:

The Defendant, **STEPHEN DAN SANTIS**, prior to committing the violations contained in the Superseding Indictment, had the following convictions for serious drug felonies, pursuant to Title 21, United States Code, Section 802(57), that had become final for purposes of Title 21, United States Code, Section 841:

a. January 30, 2019: a conviction for a serious drug felony in Newberry County, South Carolina, under General Sessions Indictment Number: 2018GS3600594, for which the Defendant served more than 12 months in prison and for which the Defendant was released within 15 years of the commencement of the offenses charged in Counts 1 and 2 of this Superseding Indictment.

b. January 30, 2019: a conviction for a serious drug felony in Newberry County, South Carolina, under General Sessions Indictment Number: 2018GS3600065, for which the Defendant served more than 12 months in prison and for which the Defendant was released within 15 years of the commencement of the offenses charged in Counts 1 and 2 of this Superseding Indictment.

All in violation of Title 21, United States Code, Sections 802, 841(a)(1), and 851.

## FORFEITURE

DRUG OFFENSES:

Upon conviction for felony violation of Title 21, United States Code as charged in this Superseding Indictment, the Defendants, **CALVIN LADELL HUDGENS, a/k/a "Hood,"** and **STEPHEN DAN SANTIS** and shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

    (a)    constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

    (b)    used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

PROPERTY:

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Superseding Indictment includes, but is not limited to, the following:

### Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violation of 21 U.S.C. §§ 841 and 846.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third person;
    (c)    has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendants up to an amount equivalent to the value of the above-described forfeitable property.

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A __True__ BILL

__REDACTED__
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _[signature]_
Kristen A. Bales   (Fed. ID # 13470)
Special Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.:   803-929-3000
Fax:   803-254-2912
Email: Kristen.Bales@usdoj.gov